No. 25-13187-JJ

# JURISDICTIONAL QUESTION

Please address whether the relevant pleadings sufficiently allege the citizenship of the parties so as to invoke the district court's diversity jurisdiction in the first instance, including whether the citizenship of the nominal defendants matters for this determination. *See* 28 U.S.C. § 1332(a)(1); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013) (explaining that to establish diversity jurisdiction with respect to a natural person, the pleadings must allege the person's citizenship or domicile, and an allegation of residence is insufficient); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (holding that jurisdiction rests "only upon the citizenship of real parties to the controversy"); *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (explaining factors relevant to distinguish between real and nominal parties).

Insofar as the jurisdictional allegations may be inadequate, please address whether: (1) the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings; (2) current record evidence adequately establishes the parties' citizenship; or (3) the record should be supplemented with additional evidence to demonstrate the parties' citizenship. *See* 28 U.S.C. § 1653; *Travaglio*, 735 F.3d at 1269-70 (discussing when record evidence may be used to cure jurisdictional pleading defects, and noting that self-serving arguments and unsworn statements in trial briefs are insufficient to establish a party's citizenship); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (inviting appellant to file a motion for leave to amend the complaint to correct deficient allegations of citizenship). If applicable, the parties should submit any motions they consider necessary or appropriate to cure the deficiencies.