# In the United States Court of Appeals for the Eleventh Circuit

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

*Plaintiff-Appellant,*

*v.*

RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; RRI WEST MANAGEMENT, LLC; FMW RRI NC, LLC,

*Defendants-Appellees,*

JANE DOE #1; JANE DOE #2; JANE DOE #3; JANE DOE #4; W.K.; E.H.; M.M.; R.P.; M.B.; D.P.; A.F.; C.A.; R.K.; K.P.; T.H.; H.B.; AND K.M.,

*Nominal Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

**APPELLANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S RESPONSE TO JURISDICTIONAL QUESTION**

Andrew Rosenzweig
BENDIN SUMRALL & LADNER, LLC
One Midtown Plaza
1360 Peachtree Street, NE
Atlanta, GA 30309
(404) 671-3100

Nancy D. Adams
  *Counsel of Record*
Alec J. Zadek
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

OCTOBER 16, 2025

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleven Circuit Rules 26.1-1 through 26.1-3, to Plaintiff-Appellant Liberty Mutual Fire Insurance Company's knowledge, the following persons and entities have an interest in the outcome of this appeal:

Adams, Nancy D.

A.F.[1/]

Andersen, Tate, & Carr, P.C.

Baumrind, Michael Rosen

Bendin Sumrall & Ladner, LLC

Birg, Erika C.

Bondurant Mixson & Elmore, LLP

C.A.

Doe, Jane #1

Doe, Jane #2

---

[1/] The plaintiffs in the actions underlying this insurance-coverage dispute, who were named as nominal defendants, are identified by their initials or as Jane Doe to protect their identities in a manner consistent with that which was employed at the District Court, because they allege they are the victims of sex trafficking.

Doe, Jane #3

Doe, Jane #4

D.P.

E.H.

Ely, Shattuck

Farrell, Ellen M.

Fellows LaBriola LLP

Floyd, John Earl

FMW RRI, LLC

Gallo-Cook, Alexandra

H.B.

K.M.

K.P.

Liberty Mutual Fire Insurance Company

Liberty Mutual Group Inc.

Liberty Mutual Holding Company, Inc.

LMHC Massachusetts Holdings Inc.

Mesa, Juliana

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

M.B.

M.M.

Mykkeltvedt, Tiana Scogin

Nelson Mullins Riley & Scarborough LLP

Red Roof Franchising, LLC

Red Roof Inns, Inc.

R.K.

R.P.

RRI West Management, LLC

Rosenzweig, Andrew

Seals, Amanda Kay

Spratling, Jonathan

Stoddard, Matthew B.

Swift, Donald L. III

T.H.

The Honorable Leigh Martin May

The Stoddard Firm

Varghese, Manoj Sam

W.K.

Zadek, Alec J.

Liberty Mutual Fire Insurance Company states that it is a subsidiary of Liberty Mutual Group Inc. and that no publicly traded corporation owns more than 10% of Liberty Mutual Fire Insurance Company 's stock.

Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. LMHC Massachusetts Holdings Inc. owns 100% of Liberty Mutual Group Inc. Liberty Mutual Group Inc. owns 100% of Liberty Mutual Fire Insurance Company.

*/s/ Nancy D. Adams*
Nancy D. Adams

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..............................................................i

TABLE OF AUTHORITIES....................................................ii

INTRODUCTION....................................................................1

FACTUAL BACKGROUND....................................................2

ARGUMENT ...........................................................................4

I.  The citizenship of the Nominal Defendants is not relevant to subject-matter jurisdiction because they are not real parties in interest. ......................................................................4

II. Alternatively, if the Court determines that the Nominal Defendants are real parties in interest, then the Court should grant Liberty leave to amend its jurisdictional allegations on appeal....................................................10

CONCLUSION .....................................................................12

CERTIFICATE OF COMPLIANCE........................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amerisure Ins. Co. v. Orange & Blue Constr., Inc.*,

    545 F. App'x 851 (11th Cir. 2013) ..................................................... 5, 6

*Atl. Specialty Ins. Co. v. Lewis*,

    802 S.E.2d 844 (Ga. App. 2017) ............................................................ 8

*Broyles v. Bayless*,

    878 F.2d 1400 (11th Cir. 1989) ................................................... *passim*

*In re All Cases Against Sager Corp.*,

    967 N.E.2d 1203 (Ohio 2012) ................................................................ 8

*Lumbermen's Mut. Cas. Co. v. Elbert*,

    348 U.S. 48 (1954) ................................................................................. 8

*Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*,

    663 F.3d 1304 (11th Cir. 2011) ........................................................... 11

*Molinos Valle Del Cibao v. Lama*,

    633 F.3d 1330 (11th Cir. 2011) ........................................................... 11

*Navarro Sav. Ass'n v. Lee*,

    446 U.S. 458 (1980) ............................................................................... 4

*Payroll Mgmt. v. Lexington Ins. Co.*,

    815 F.3d 1293 (11th Cir. 2016) ....................................................... 4, 10

*PTA-Fla, Inc. v. ZTE USA, Inc.*,

    844 F.3d 1299 (11th Cir. 2016) ........................................................... 12

*Toms v. Country Quality Meats, Inc.*,

    610 F.2d 313 (5th Cir. 1980) ................................................................ 11

*Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen &*

    *Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970) ............................ 4

**Statutes**

28 U.S.C. § 1653 ................................................................. 11, 12

# INTRODUCTION

The pleadings sufficiently allege the citizenship of the real parties in interest so as to invoke the Court's diversity jurisdiction. Diversity jurisdiction rests on the citizenship of the real parties in interest. Here, those parties are Plaintiff-Appellant Liberty Mutual Fire Insurance Company ("Liberty") and Red Roof.[1/] As between Liberty and Red Roof, there is diversity of citizenship. The Nominal Defendants—the tort plaintiffs in the lawsuits underlying this insurance-coverage action—are not real parties in interest because they have neither a stake in the outcome of, nor substantial control over, this case. The Nominal Defendants have no stake in the outcome of this case because their lawsuits have already been settled (with settlements paid) or dismissed. Moreover, the Nominal Defendants did not exercise control over the case in the District Court and have stated that they will not participate in this appeal. Thus, Liberty did not need to allege the Nominal Defendants' citizenship to properly invoke this Court's diversity jurisdiction.

---

[1/]     "Red Roof" includes Defendants-Appellees Red Roof Inns, Inc., Red Roof Franchising, LLC, RRI West Management, LLC, and FMW RRI NC, LLC.

Even if the Nominal Defendants were real parties in interest, there is complete diversity of citizenship between Liberty, on the one hand, and Red Roof and the Nominal Defendants, on the other. Therefore, if the Court concludes the Nominal Defendants are real parties in interest, the Court should grant Liberty's concurrently filed consented-to motion for leave to amend its jurisdictional allegations.

## FACTUAL BACKGROUND

This is a declaratory-judgment action between an insurer (Liberty) and its insured (Red Roof) concerning Red Roof's request for insurance coverage for seven lawsuits in which seventeen individuals (the Nominal Defendants) allege that Red Roof knowingly benefited from its participation in their trafficking at various Red Roof locations (the "Underlying Lawsuits"). *See* Second Am. Compl. ¶¶ 1–4, 7, Dist. Ct. ECF No. 79. Among other relief, Liberty's Second Amended Complaint sought declarations concerning Liberty's duty to defend or indemnify Red Roof related to the Underlying Lawsuits. *Id.* ¶¶ 4–5. The Underlying Lawsuits have since been settled or dismissed. *See id.* ¶¶ 42, 52, 62, 70,

88, 109; Stip. of Dismissal, *H.B. v. Red Roof Inns, Inc.*, No. 1:22-cv-01181 (N.D. Ga. Dec. 2, 2024), ECF No. 225.[2/]

This appeal arises from an order dismissing Liberty's Second Amended Complaint for, in part, lack of Article III jurisdiction and, in other part, failure to state a claim. *See* Order, Dist. Ct. ECF No. 93. In the District Court, the Nominal Defendants did not file any briefs relating to the substantive issues. Instead, certain of the Nominal Defendants filed only short motions joining in full the arguments advanced by Red Roof. *See* Opp'n to Pl.'s Mot. for J. on Pleadings, Dist. Ct. ECF No. 47; Opp'n to Pl.'s Mot. for J. on Pleadings, Dist. Ct. ECF No. 48; Joinder in Mot. for Summ. J., Dist. Ct. ECF No. 54; Joinder in Mot. for Summ. J., Dist. Ct. ECF No. 55. Notably, only one Nominal Defendant, H.B., joined in the motion to dismiss that ultimately resulted in the District Court entering final judgment. Joinder of Mot. to Dismiss, Dist. Ct. ECF No. 82. The Nominal Defendants have also stated they do

---

[2/]     *See also* Order Granting Motion to Dismiss, *W.K. v. Red Roof Inns, Inc.*, No. 1:20-cv-05263 (N.D. Ga. Aug. 9, 2024), ECF No. 597; Stip. of Dismissal, *K.M. v. CPA Hotels of Atlanta, LLC*, No. 1:23-cv-00190 (N.D. Ga. Jan. 17, 2024), ECF No. 69; Order Dismissing All Remaining Claims, *Doe v. Westmont Hosp. Grp., Inc.*, No. 1:21-cv-04278 (N.D. Ga. Jan. 11, 2024), ECF No. 391.

not intend to participate in this appeal.  *See* Mot. for Ext. of Time at 2, Dkt. No. 18.

## ARGUMENT

### I.   The citizenship of the Nominal Defendants is not relevant to subject-matter jurisdiction because they are not real parties in interest.

This Court's diversity jurisdiction rests "only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  "[A] real party in interest is a party that has a real and substantial stake in the litigation and who exercises substantial control over the litigation." *Broyles v. Bayless*, 878 F.2d 1400, 1403 (11th Cir. 1989).  This is a fact-intensive inquiry. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).  It asks, in sum, whether the putative nominal parties "could be dismissed from this case without prejudicing the parties." *Payroll Mgmt. v. Lexington Ins. Co.*, 815 F.3d 1293, 1298 (11th Cir. 2016); *see also Tri-Cities Newspapers*, 427 F.2d at 327 (noting the "ultimate test" is whether, without the party, "the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff").  Where the "essential nature [and]

. . . effect" of the litigation is to adjudicate the liability of other parties, the additional parties are purely nominal. *See Broyles*, 878 F.2d at 1405. If the parties are truly nominal, then their citizenship need not be pled to invoke this Court's diversity jurisdiction. *Amerisure Ins. Co. v. Orange & Blue Constr., Inc.*, 545 F. App'x 851, 854 (11th Cir. 2013).

As a preliminary matter, there is diversity between Liberty and Red Roof. *See* Second Am. Compl. ¶¶ 8–12 (alleging that Liberty is a citizen of Wisconsin and Massachusetts, and the Red Roof entities are citizens of Delaware, Ohio, Texas, Florida, Monaco, Singapore, collectively). Liberty concedes that its allegations concerning the residency of the Nominal Defendants are not sufficient to plead the citizenship of each Nominal Defendant; however, the citizenship of the Nominal Defendants is not relevant to determining jurisdiction because they are not real parties in interest.

*Amerisure* is instructive on this point. In *Amerisure*, the plaintiff-insurer filed a declaratory-judgment action against its insured and an additional insured related to an accident on a construction site. *See* 545 F. App'x at 852–53. The accident caused the death of an individual. *Id.* at 852. In the declaratory-judgment action, the insurer named the

decedent's estate as a defendant. *Id.* at 853. This Court issued the same jurisdictional question issued here, asking "whether the pleadings sufficiently alleged the citizenship of the Estate in order to invoke federal diversity jurisdiction." *Id.* This Court held that the citizenship of the Estate was not relevant to the invocation of diversity jurisdiction because "the Estate was merely a 'nominal party' for purposes of diversity jurisdiction." *Id.* at 854. That was so because the Estate "had no real stake or control over this litigation." *Id.* Accordingly, the insurer "did not need to plead the Estate's citizenship to satisfy the requirements of this Court's diversity jurisdiction." *Id.* The same result holds here for two reasons.

*First*, the Nominal Defendants have "no real stake" in this case. This is an insurance-coverage action to determine whether Liberty owed a duty to defend and indemnify Red Roof against allegations that Red Roof benefited from and participated in trafficking the Nominal Defendants for sex through the use of force, fraud, or coercion, or when the Nominal Defendants were minors. The Nominal Defendants have no stake in whether Red Roof is afforded a defense or indemnity coverage under the insurance policies because each of the Underlying Lawsuits

filed by the Nominal Defendants has been settled (and the settlements have been paid) or dismissed with prejudice. *See* Second Am. Compl. ¶¶ 42, 52, 62, 70, 88, 109, 319, 328, Dist. Ct. ECF No. 79; Stip. of Dismissal, *H.B.*, No. 1:22-cv-01181 (N.D. Ga. Dec. 2, 2024), ECF No. 225; Op. & Order, *K.M.*, No. 1:23-cv-00190 (N.D. Ga. Aug. 30, 2023), ECF No. 62.[3/]  The dispute between Liberty Mutual and Red Roof concerns whether insurance coverage exists for the Underlying Lawsuits and, relatedly, whether Liberty is entitled to recoup the settlement payments (and expense payments) it made on behalf of Red Roof.  The Nominal Defendants thus have no financial stake—not even a contingent one—in this case.  *See Broyles*, 878 F.2d at 1405 (holding an insurer was not a real party in interest because its "liability [wa]s contingent and indirect").

State law does not confer any substantive rights on the Nominal Defendants, either.  *See id.* at 1402 (courts "look to determine upon whom the state confers substantive rights").  The parties dispute whether

---

[3/]    K.M.'s Complaint was dismissed as to Red Roof because the Court concluded K.M. did not adequately allege a theory of vicarious liability to hold Red Roof, the franchisor, liable for the actions of its franchisee, the other defendant in the case. *See* Op. & Order at 3–10, *K.M.*, No. 1:23-cv-00190 (N.D. Ga. Aug. 30, 2023), ECF No. 62.

Georgia or Ohio law applies. But under either law, the Nominal Defendants have no substantive rights as to Liberty because none has an unsatisfied judgment against Red Roof. *See Atl. Specialty Ins. Co. v. Lewis*, 802 S.E.2d 844, 848 (Ga. App. 2017) ("As a general rule, a plaintiff does not having [*sic*] standing to bring a direct action against a defendant's insurance company unless the plaintiff has obtained a judgment against the defendant that remains unsatisfied."); *In re All Cases Against Sager Corp.*, 967 N.E.2d 1203, 1210 (Ohio 2012) (explaining that an injured party "has only a potential interest in a liability-insurance policy covering claims against the insured and that potential interest does not develop into a vested right until a judgment is secured" (cleaned up)). Because the Nominal Defendants could not proceed directly against Liberty, they have no real stake in this case. *See Broyles*, 878 F.2d at 1403, 1405 (defendant insurer had no real stake in the litigation because the tort plaintiff had no right under state law to proceed directly against the insurer); *compare Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51 (1954) (insurer was a real party in interest where state law gave plaintiff a direct cause of action against the insurer).

*Second*, the Nominal Defendants also have no control—let alone "substantial control"—over this litigation. *Broyles*, 878 F.2d at 1403 (a real party in interest is one "who exercises *substantial control* over the litigation"). The Nominal Defendants did not substantively participate in the District Court proceeding. Instead, certain of the Nominal Defendants opted to file joinders of Red Roof's motion to dismiss, motion for summary judgment, and opposition to Liberty's motion for judgment on the pleadings. *See* Opp'n to Pl.'s Mot. for J. on Pleadings, Dist. Ct. ECF No. 47; Opp'n to Pl.'s Mot. for J. on Pleadings, Dist. Ct. ECF No. 48; Joinder in Mot. for Summ. J., Dist. Ct. ECF No. 54; Joinder in Mot. for Summ. J., Dist. Ct. ECF No. 55; Joinder of Mot. to Dismiss, Dist. Ct. ECF No. 82. Consistent with their approach in the District Court, the Nominal Defendants do not intend to participate in this appeal. *See* Mot. for Ext. of Time at 2, Dkt. No. 18. A party who takes "a back seat" to the other party's counsel does not "substantially control the litigation." *See Broyles*, 878 F.2d at 1405 (insurer was not a real party in interest where its participation was "minimal" and co-defendant's counsel "conducted opening argument, presented the witnesses, and conducted all direct and cross examination of the witnesses on the issue of liability" at trial).

In sum, the Nominal Defendants are not real parties in interest for two independent reasons: (1) they have no stake in this case and could not pursue this action against Liberty independently; and (2) they do not control the case because they have not participated in the District Court and do not intend to participate in this appeal. *See Broyles*, 878 F.2d at 1403 (real party in interest must be one who has "a real and substantial stake in the litigation *and* who exercises substantial control over the litigation" (emphasis added)). Moreover, because each Nominal Defendant "could be dismissed from this case without prejudicing the parties," *Payroll Mgmt.*, 815 F.3d at 1298, none is a real party in interest. Instead, the "essential effect" of this case is to adjudicate the rights and obligations of Liberty and Red Roof—not to adjudicate any liability to the Nominal Defendants. *See Broyles*, 878 F.2d at 1405. The citizenship of the Nominal Defendants is, therefore, irrelevant to this Court's diversity jurisdiction and did not need to be pled.

## II.    Alternatively, if the Court determines that the Nominal Defendants are real parties in interest, then the Court should grant Liberty leave to amend its jurisdictional allegations on appeal.

If the Court concludes that the Nominal Defendants are real parties in interest, diversity jurisdiction exists, and the Court should grant

Liberty's concurrently filed motion for leave to amend its jurisdictional allegations to allege as much.[4/]  (Red Roof consents to Liberty's Motion.) Courts may grant leave for parties to amend their pleadings to cure jurisdictional defects, even on appeal.  28 U.S.C. § 1653.  This provision is read "liberally."  *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) (citing *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980)).  Amendment should be freely granted "if it is at all possible to show that jurisdiction exists."  *Toms*, 610 F.2d at 316.

It is possible to show that jurisdiction exists here.  The Nominal Defendants have agreed that Liberty's proposed allegations of citizenship are accurate.  *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) ("The parties are urged to agree both upon the grant of leave to file such amendment and upon the truth of the allegations of such amendment unless there is a bona fide dispute about the citizenship of [the parties].").  Further, Liberty's review of the allegations and discovery in the Underlying

---

[4/]  Liberty's proposed Third Amended Complaint, in redline form, is attached to its concurrently filed motion as Exhibit A.

Lawsuits confirms that each of the Nominal Defendants was at the time the complaint was filed a citizen, not just a resident, of states that establish complete diversity between Liberty and all defendants—real and nominal. *See PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("diversity jurisdiction is determined at the time of filing the complaint"). The Court should therefore grant Liberty leave to amend its jurisdictional allegations accordingly. *See* 28 U.S.C. § 1653.

## CONCLUSION

This Court has subject-matter jurisdiction because there is diversity between the only real parties in interest: Liberty and Red Roof. Alternatively, if the Court concludes that the Nominal Defendants are real parties in interest, Liberty should be granted leave to amend its jurisdictional allegations on appeal to allege the citizenship of each of the Nominal Defendants.

Respectfully submitted,

_/s/ Nancy D. Adams_

Andrew Rosenzweig
BENDIN SUMRALL & LADNER, LLC
One Midtown Plaza
1360 Peachtree Street, NE
Atlanta, GA 30309
(404) 671-3100

Nancy D. Adams
   *Counsel of Record*
Alec J. Zadek
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

OCTOBER 16, 2025

## CERTIFICATE OF COMPLIANCE

I, Nancy D. Adams, a member of the Bar of this Court and counsel for Appellant, hereby certify pursuant to Federal Rules of Appellate Procedure 27(d)(1)(E), 27(d)(2)(A), and 32(g)(1), that the foregoing response is proportionally spaced, has a typeface of 14 points or more, and contains 2,448 words, excluding the parts of the motion exempted from length limits by Rules 27(d)(2) and 32(f).

*/s/ Nancy D. Adams*
Nancy D. Adams

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Nancy D. Adams*
Nancy D. Adams
