No. 25-13187

# United States Court of Appeals for the Eleventh Circuit

---

LIBERTY MUTUAL FIRE INSURANCE COMPANY.,
 *Plaintiff - Appellant*,

v.

RED ROOF INNS, INC., ET AL.,
 *Defendants - Appellees*.

On Appeal from the United States District Court
for the Northern District of Georgia,
Case No. 1:23-cv-02047-LMM

---

**MOTION FOR LEAVE BY THE COMPLEX INSURANCE CLAIMS LITIGATION ASSOCIATION AND AMERICAN PROPERTY CASUALTY INSURANCE ASSOCIATION TO SUBMIT AMICI CURIAE BRIEF IN SUPPORT OF APPELLANT AND REVERSAL**

---

No. 25-13187

*Liberty Mutual Fire Insurance Company v. Red Roof Inns, Inc., et al.*

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Rule 26.1, counsel for *Amici Curiae* states:

The Complex Insurance Claims Litigation Association is not a publicly owned corporation. It has not issued shares of stock nor does it have any parent corporation.

The American Property Casualty Insurance Association is not a publicly owned corporation. It has not issued shares of stock, nor does it have any parent corporation.

Pursuant to Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, counsel for *Amici Curiae* certify that in addition to those persons and entities listed in the brief filed by Appellant in this matter, the following listed persons and entities have or may have an interest in the outcome of this case:

1. Complex Insurance Claims Litigation Association (*Amicus Curiae)*

2. American Property Casualty Insurance Association *(Amicus Curiae)*

No. 25-13187
*Liberty Mutual Fire Insurance Company v. Red Roof Inns, Inc., et al.*

    3. Lavin, Parker J. (Counsel for proposed *Amici Curiae*)

    4. Lavin, Rindner, Duffield LLC (Counsel for *Amici Curiae*)

| | |
|---|---|
| December 29, 2025 | /s/ Parker J. Lavin<br>Parker J. Lavin<br>LAVIN RINDNER DUFFIELD LLC<br>3811 Frederica Rd., Ste. 201<br>St. Simons Island, GA 31522<br>plavin@lrd.law<br>(912) 266-8301<br><br>*Counsel for the Complex Insurance Claims Litigation Association and the American Property Casualty Insurance Association* |

No. 25-11185

*Publix Super Markets, Inc. v. ACE Property & Casualty Insurance Co., et al.*

The Complex Insurance Claims Litigation Association ("CICLA") and the American Property Casualty Insurance Association ("APCIA") move for leave to appear as *amici curiae* and submit the attached brief in support of Appellant and reversal. Under Rule 29(a)(2), Appellant consents to this amicus brief filing, but Appellees have not consented, necessitating this motion.

## INTEREST OF *AMICI CURIAE*

CICLA and APCIA are leading trade associations of property and casualty insurance companies.[1] Their members underwrite a substantial portion of the liability insurance nationwide, including in the state of Georgia. Thus, *Amici* are vitally interested in this case.

*Amici* participate as *amici curiae* in state and federal appellate courts, including before this Court and Georgia state courts, on important

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), *Amici Curiae* declare that: (i) no party's counsel authored the brief in whole or in part; (ii) no party or party's counsel contributed money intended to fund preparing or submitting the brief; and (iii) no one, other than *Amici Curiae* and their counsel, contributed money to prepare or submit this brief.

insurance issues.[2] Through their participation, *Amici* seek to assist courts by providing insights on the application of insurance policy terms and their significance to the insurance system.

## ARGUMENT

*Amici's* participation is desirable and will benefit the Court. At issue are important questions about whether sex trafficking allegations are insured or insurable under Georgia law, the resolution of which will have a significant impact on the insurance marketplace in Georgia.

The Court is asked to decide whether a hotel operator that is alleged to have participated in sex trafficking can avoid the financial consequences of its deliberate conduct by passing those costs on to its insurer. That question raises issues concerning the fortuity rule, the meaning of the critical insurance contract terms, and whether the hotel operators' alleged conduct is insurable as a matter of Georgia public policy. Resolution of these issues will impact the commercial liability

---

[2] *E.g., Georgia Farm Bureau Mut. Ins. Co. v. Smith*, 784 S.E.2d 422 (Ga. 2016) (CICLA); *St. Paul Fire & Marine Ins. Co. v. Rosen Hotels & Resorts, Inc.*, No. 18-14427, 2020 WL 13558953 (11th Cir. Jan. 8, 2020 )(APCIA & CICLA); *Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697 (11th Cir. Aug. 31, 2021) (APCIA); *Racetrac Petroleum, Inc. v. ACE Am. Ins. Co.*, 446 Fed. App'x. 211 (11th Cir. 2011) (CICLA).

insurance market for hotels/motels in Georgia, with potentially detrimental consequences for the public, as well as insureds that refuse to participate in and facilitate sex trafficking.

*Amici* offer a broad perspective and their extensive experience with insurance coverage issues. Courts across the country, including the United States Supreme Court, have recognized the valuable perspective CICLA and APCIA provide. *E.g., Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268 (2024) (quoting and twice citing APCIA's and CICLA's brief); *CX Reinsurance Co. v. Johnson*, 282 A.3d 126, 145 (Md. 2022) (agreeing with the "*Amicus Curiae* Complex Insurance Claims Litigation Association" on implications of recognizing known and unknown tort claimants as policy beneficiaries).[3]

*Amici* explain why commercial general liability ("CGL") insurance policies such as the LM Policy do not provide coverage here. *First*, permitting Red Roof to transfer the consequences of its deliberate,

---

[3] *See also ACMAT Corp. v. Greater N.Y. Mut.*, 923 A.2d 697, 708 n.14 (Conn. 2007) (finding arguments CICLA presented as *amicus curiae* persuasive in a case of first impression on recovery of attorneys' fees); *Pilkington N. Am., Inc. v. Travelers Cas. & Sur.*, 861 N.E.2d 121, 125 n.1 (Ohio 2006) ("The court acknowledges with appreciation the briefs provided by *amici curiae* . . . the Complex Insurance Claims Litigation Association.").

harmful conduct would violate the fundamental rule that liability insurance is written only for fortuitous losses. As courts have long recognized, such insurance requires genuine uncertainty about whether loss will occur.

*Second,* there is no coverage based on the plain language of the LM Policy. The factual averments of the underlying lawsuits do not allege an "occurrence," and under Georgia law, the duty to defend is based on comparing the policy terms to the factual allegations in the complaint.

*Third,* coverage is independently barred by the LM Policy's exclusions. Harm to the victims of sex trafficking is expected and known, as Georgia law and nearly every court in the country recognizes.

*Fourth,* there is no coverage based on Georgia's strong public policy against sex trafficking. *See* O.C.G.A. § 16-5-46(c) (2024).[4] *Amici* submit that conduct in which a hotel is alleged to have purposefully facilitated the sexual servitude of children for financial gain is so inherently wrong, it is uninsurable as a matter of public policy.

---

[4] *See also* 18 U.S.C. §1591.

*Amici* demonstrate that strong policy concerns about the insurance mechanism further support these conclusions. Ignoring the contractual and policy prohibitions against insurance for intentional harm would undermine the underwriting criteria insurers use to evaluate risks and estimate their exposures. This would adversely impact the insurance marketplace in Georgia – to the detriment of insurers, other insureds, and the public.

*Amici's* participation will assist the Court. They seek to fulfill "the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

## CONCLUSION

This Court should grant Amici's motion for leave and permit the filing of the attached *amici curiae* brief.

Dated: December 29, 2025　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*/s/ Parker J. Lavin*

　　　　　　　　　　　　　　　　Parker J. Lavin
　　　　　　　　　　　　　　　　LAVIN RINDNER
　　　　　　　　　　　　　　　　DUFFIELD LLC
　　　　　　　　　　　　　　　　3811 Frederica Rd., Ste. 201
　　　　　　　　　　　　　　　　St. Simons Island, GA 31522
　　　　　　　　　　　　　　　　plavin@lrd.law
　　　　　　　　　　　　　　　　(912) 266-8301

　　　　　　　　　　　　　　　　*Counsel for the Complex Insurance Claims Litigation Association and American Property Casualty Insurance Association*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that:

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(4) because this brief contains 911 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in Microsoft Word in fourteen (14) point Century Schoolbook font.

*/s/ Parker J. Lavin*
Parker J. Lavin

Parker J. Lavin
LAVIN RINDNER DUFFIELD LLC
3811 Frederica Rd., Ste. 201
St. Simons Island, GA 31522
plavin@lrd.law
(912) 266-8301

*Counsel for the Complex Insurance Claims Litigation Association and American Property Casualty Insurance Association*

# CERTIFICATE OF SERVICE

I certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Parker J. Lavin*
Parker J. Lavin