In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13187
_____

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

*Plaintiff-Appellant,*

*versus*

RED ROOF INNS, INC.,

RED ROOF FRANCHISING, LLC,

RRI WEST MANAGEMENT, LLC,

FMW RRI NC, LLC,

JANE DOE, #1, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02047-LMM
_____

Before LAGOA and KIDD, Circuit Judges.

BY THE COURT:

2                    Order of the Court                    25-13187

Appellant filed suit against several defendants, many of whom it labeled as nominal. The district court entered an order and judgment dismissing the action. Appellant appeals that order.

We issued a jurisdictional question asking whether the relevant pleadings sufficiently alleged the citizenship of the parties so as to invoke the district court's diversity jurisdiction in the first instance, including whether the citizenship of the so-called nominal parties mattered for this determination. The operative complaint based the allegations of the so-called nominal parties' citizenships on their residencies.

In response, Appellant filed an unopposed motion for leave to amend the complaint. *See* 28 U.S.C. § 1653. In particular, Appellant seeks to amend the complaint to allege the so-called nominal parties' citizenships rather than residencies. This amendment would establish complete diversity such that we need not determine whether any defendant was nominal. *See* 28 U.S.C. § 1332(a)(3); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

Accordingly, Appellant's motion for leave to amend the operative complaint is GRANTED and this appeal MAY PROCEED. Appellant is DIRECTED to file notice of this order in the district court, along with its amended complaint.